RULEY, JUDGE:
Claimants contracted to sell their home on Sandhill Road, Point Pleasant, Mason County, West Virginia, to Mr. and Mrs. William Curnutt on October 11, 1981. This contract was contingent upon the Curnutt’s obtaining a loan from the Mason County bond program. Before the loan could be granted, the septic system had to be approved. The septic system proved unsatisfactory, and several types of corrective measures were suggested; however, no repairs have yet been made. In March 1981, the Curnutts asked to be released from the contract and the claimants agreed. Claimants have rented the house since releasing the Curnutts from the contract, and the house has been continuously occupied since that time. The claimants allege that respondents acted in an arbitrary and capricious manner in denying approval for the septic system. They seek an award of $43,000.00, which is the contract price of the home less a lien on the property, based upon a theory of negligent interference with a contract.
Respondents have filed a motion to dismiss based on the lack of jurisdiction of the Court to hear the claim against Donald Greene, Sanitarian. The motion to dismiss also alleges that the Department of Health assumes no responsibility for reviewing or approving septic systems and therefore has breached no duty upon which liability may be predicated.
The Court sustains respondent’s motion to dismiss as to Donald Greene, Sanitarian. Under West Virginia Code §14-2-13, *510 this Court is without jurisdiction to hear a claim against an individual.
After careful review of all of the evidence presented, the Court cannot conclude that respondent Department of Health was ultimately responsible for approving the septic system or whether such approval was the responsibility of officials with the county health department. A letter from the Mason County Health Department indicates that that office would grant an approval order for the septic system. A memorandum dated October 12, 1977, from respondent to all health officers and sanitarians states that as of October 28, 1977, responsibility for reviewing and approving water and sewage forms for various loan guaranteeing agencies would rest with the local health units. In view of the foregoing, the Court can find no basis for liability and, therefore, sustains respondent’s motion to dismiss as to the Department of Health.
Claim dismissed.